[L. A. No. 12803. In Bank.—May 1, 1933.]

R. D. LACOE et al., Plaintiffs, v. H. S. WOLF et al., Defendants; DAVIDSON'S, INC. (a Corporation), Cross-Complainant and Respondent; THE HOTEL ST. JAMES COMPANY (a Corporation), Cross-Defendant and Appellant.

Curtis Hillyer, Glen Munkelt and Dwight D. Bell for Appellant.

Gray, Cary, Ames & Driscoll for Respondents.

CURTIS, J.—The Hotel St. James Company, plaintiff and cross-defendant in the court below, appeals "from the judgment rendered against it in the above entitled action". An examination of the judgment discloses that the only judgment rendered against appellant was in favor of Davidson's, Inc., a corporation, for $34,849.15, and in favor of Harry F. Bringhurst for $13,201.03, both of whom were defendants and cross-complainants in the court below. In its opening brief, appellant expressly limits its appeal to that portion of the judgment in favor of Davidson's, Inc. It is therein stated: " . . . the only ones which appellants are by this brief objecting to, are those in favor of Davidson's, Inc., for twenty-eight thousand seven hundred nine and 80/100 dollars ($28,709.80) . . . and the one in favor of Davidson's, Inc., for two thousand six hundred seventeen and 85/100 dollars ($2,617.85) . . . We believe that each and all of the judgments in favor of the other defendants are contrary to the evidence, but we do not intend to go to the trouble and expense of showing these various small judgments in favor of the other defendants were erroneous . . . it does not warrant the extensive discussion of the evidence included in the more than two thousand seven hundred (2700) pages of transcript, which would be necessary to sustain our contention." It, therefore, follows that on this appeal there is but one appellant, The Hotel St.

James Company, and but one respondent, Davidson's, Inc. This is important because in the court below there were four plaintiffs and some forty defendants. In addition, two of the defendants, Davidson's, Inc., and Harry F. Bringhurst, cross-complained, naming The Hotel St. James Company as cross-defendant. The original complaint was filed by three individuals who alleged that they were the owners of practically all of the stock of The Hotel St. James Company and that the hotel company was joined as a defendant for the reason that it was then under the control of certain of the named defendants. During the trial, it was stipulated by all the parties that the hotel company should be made a party plaintiff. The relief prayed for in the complaint was that certain promissory notes of the hotel company held by the defendants and secured by deeds of trust be set aside and canceled. The trial court canceled the notes and trust deeds. The plaintiffs, including the appellant hotel company, thus secured the relief asked for in their complaint. The cross-complaints of respondent and Bringhurst were not predicated upon the promissory notes and trust deeds, but were predicated upon obligations alleged to have been incurred by the hotel company long before the notes and trust deeds were executed. After the obligations had been incurred, the notes were issued as evidence thereof. The trial court, although holding that the deeds of trust and notes should be set aside and canceled, further held that the cross-complainants were entitled to judgment on their cross-complaints. In the trial court, the two issues, i. e., whether the notes and trust deeds should be canceled, and whether the hotel company, independently of the notes, was indebted to the cross-complainants, were inseparably connected. ■ On this appeal, as limited by appellant, the sole question presented is whether or not the finding that appellant hotel company is indebted to respondent Davidson's, Inc., is supported by the evidence.

The factual background of the action is as follows: In 1925, I. T. Davidson and M. E. Meyer owned and operated the St. James hotel. In August, 1925, they gave W. A. Drennan an option until November, 1925, to purchase the hotel for $300,000. The option specifically provided that the cost of all replacements made after August, 1925, should

be added to the purchase price, and that taxes and insurance should be prorated. Within several weeks from the time this option agreement was entered into, Drennan organized the appellant company, The Hotel St. James Company, for the purpose of purchasing the hotel. Subsequently, the hotel company agreed to purchase the hotel from Drennan for $235,000, plus certain stock of the hotel company. Drennan likewise organized another corporation known as the Hotel St. James Operating Company. On November 23, 1925, the option was exercised and the hotel purchased. The transfer from Meyer and Davidson was from them directly to the hotel company. At the time of the transfer, Meyer and Davidson turned over to the hotel company, in addition to the building and furniture, certain insurance policies, tax receipts for taxes paid in advance, actual cash in the till, accounts from guests then living in the hotel (which accounts were subsequently collected by the hotel company), stationery, office supplies, and additional bedding and furniture purchased after the date of the option. Of the judgment appealed from, $2,647.85, plus interest, involves these items. The hotel company received these items and admittedly has not paid for them. This obligation is now held by Davidson's, Inc. The trial court found that this item of the judgment was for insurance, taxes and goods, the benefit of which was received by the hotel company, and that the hotel company owed for the same. This finding is amply supported by the evidence and cannot now be disturbed.

The second portion of the judgment in favor of Davidson's, Inc., involves an item of $28,709.80, plus interest. The trial court found that this was a valid obligation owing from the hotel company and that Davidson's, Inc., was the legal holder thereof. This obligation was incurred as follows:

Drennan, as the president of the hotel company, went into possession of the hotel in November, 1925. From then until May, 1927, Drennan assumed absolute control of the hotel and of both corporations, the hotel company and the operating company. All during this period all moneys collected from the operation of the hotel were deposited in the name of the hotel company. The board of directors of neither company held any meetings during this time. In

1926, Drennan conceived the idea of reconstructing certain portions of the hotel, so as to add to its revenue-producing capacity. The hotel company was so heavily involved that Drennan discovered that the banks would not lend the company any more money. He testified that he discussed the problem with the holders of all claims against the hotel and operating companies. An officer in one of the banks suggested that perhaps Drennan personally could contract for the improvements and give the contractor certain insurance policies and stock owned by Drennan, as security. The contractor could then be paid in installments from the increased revenue produced by the improvements. Pursuant to this plan, Drennan approached M. Trepte & Son, a contracting firm, suggested by the bank. Drennan then, personally, and evidently with the full knowledge of the creditors of both corporations, entered into a contract with M. Trepte & Son to construct the improvements. These improvements were constructed between September and December, 1926. The improvements produced an increased income for the hotel and Drennan testified that every cent of the increase, as well as the other income of the hotel, was deposited in the bank account of the hotel company. Drennan gave the contractor his personal note for the amount due, secured by certain life insurance policies and by his stock in the operating company. To protect himself, he caused to be entered in the books of the hotel company a credit in his name equal to the amount of the notes he had executed in favor of the contractor. In October of 1927, the contractor insisted that he be paid. Neither Drennan nor the hotel company had a sufficient amount of money available to pay the debt. In order to raise the money, Drennan approached his friends Wolf and Davidson, the owners of all the stock of Davidson's, Inc., respondent herein. Drennan pointed out to them and to their attorney that, in addition to the security held by the contractor, he, Drennan, had a claim against the hotel company for $26,000 plus. Drennan showed the attorney a copy of the original entry in the books of the hotel company, showing such a credit in Drennan's favor. Wolf and Davidson agreed to pay the contractor in full, provided Drennan assigned to them as additional security his claim against the hotel company. This was done and the contractor paid. There

is no dispute but that the hotel company received the benefit of the improvements and that neither it nor the operating company nor Drennan has paid for them. There is no dispute but that Wolf and Davidson, whose claim has been assigned to respondent, did pay for them. Under such circumstances, the finding that this sum was a valid obligation of the hotel company is obviously supported by the evidence.

■ Almost the entire portion of appellant's argument is devoted to issues not properly before us on this appeal. Under a heading "conspiracy" appellant seeks to show that in July, 1928, Wolf, Davidson and Drennan seized control of the hotel company and fraudulently caused to be executed by that company certain promissory notes in favor of Davidson's, Inc., evidencing the above-mentioned items of indebtedness, and likewise caused to be executed a trust deed on the hotel property as security for the notes. The actions of these men in this regard were held to be fraudulent in that in this fashion the due date of the indebtedness was accelerated. It was for this reason that the trial court canceled the notes and deeds of trust, the relief prayed for by appellant. Those matters are not involved on this appeal. On this appeal all that is involved is whether or not in October of 1927 the hotel company owed Drennan or the contractor the amount in question and, if so, whether the debt was assigned to respondent. What happened to the corporation in July of 1928 is not at all pertinent to that issue. Many of the charges of fraud made by appellant would perhaps be pertinent, were the creditors of the hotel company or operating company now before us, but they are not. The sole appellant is the hotel company. The judgment merely declares that legally and equitably the sums therein mentioned are owing to respondent from appellant. If any ground for an estoppel in favor of the creditors of the two corporations exists, that matter is not pertinent on this appeal.

■ The appellant also contends that the obligation for the improvements was not a debt of the hotel company, but was a debt of the operating company, a company with no assets. This contention is based on the fact that in April of 1927 a lease was entered into between the hotel company and the operating company whereby the former company leased the hotel to the latter company. For rea-

sons not very clear, the lease was dated back to May, 1926. The improvements were contracted for in September of 1926. Obviously a lease between the two corporations entered into in April of 1927 could not affect Drennan's rights in an obligation of the hotel company incurred in 1926.

██ Appellant refers to certain agreements between the operating company and its creditors, the purchasers of its gold notes. None of these people is a party to this appeal and their rights · are not involved herein. Moreover, it should be mentioned that the operating company did not even function as a corporation until April or May of 1927, long after the obligations here involved were incurred.

The evidence, as above reviewed, clearly indicates that the sole appellant, The Hotel St. James Company, has no just grounds for complaint. If other parties not parties to this appeal have just cause for complaint, their rights can undoubtedly be protected by a proper action. Their rights cannot be considered or protected on this appeal, to which they are not parties.

The portions of the judgment appealed from are affirmed.

Preston, J., Langdon, J., Seawell, J., Thompson, J., and Shenk, J., concurred.